SANTINI FERTILIZER Co., Plaintiff and Appellee-Appellant, v. ZENÉN ROLDÁN VELÁZQUEZ ET AL., Defendants and Appellants-Appellees.

No. 7515. Argued May 17, 1937.—Decided May 20, 1937.

*H. Torres Solá* for appellant-appellees. *R. Buscaglia* for appellee-appellant.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The plaintiff-appellee has asked us to dismiss this appeal on the ground that the same is frivolous and has been taken with the sole purpose of delaying the execution of the judgment, whereby the defendants-appellants were ordered to pay the sum of $3,000, as the value of the tobacco attached,

and interest thereon from May 8, 1930, until fully paid, less $37.50 collected by plaintiff, together with costs including $200 as attorney's fees.

The defendants executed a bond for $3,000 in an intervention proceeding in attachment, by which they agreed to return the property attached or to pay the damages. The plaintiff obtained a judgment against the claimant and, being unable to execute it, brought this action against the surety to recover the sum of $3,000, which the plaintiff claims was the value of the attached property.

In the opinion rendered by this Supreme Court in the case of *Santini Fertilizer Co.* v. *Roldán,* 49 P.R.R. 419, reversing the judgment of the district court which sustained a demurrer to the complaint filed in this case, it was said:

"We incline to the view that the defendants have a right to be heard on the value of the property at the time of its release; in other words, that the estimated value of $3,000 should not be treated as liquidated damages."

The frivolousness of the present appeal appears from a reading of the transcript of the evidence and of the opinion of the lower court. The evidence adduced by the plaintiff to prove the value of the tobacco was partly in conflict with that introduced by the defendants for the same purpose. The lower court decided the conflict by giving full credit to the witness for defendants, J. F. McKelvy, and to that of plaintiff, Antonio Rojas, and found, in accordance with their testimony, that the value of the tobacco exceeded the sum of $3,000.

The power to decide conflicts in the evidence is one given by the law to the trial court. The exercise of said power is subject to review only in those cases where the court acts under the influence of passion, prejudice, or partiality, or commits manifest error in weighing the evidence. In the case at bar we do not find that any of those errors was committed.

The appeal must be dismissed as frivolous and the defendants taxed with the costs of this appeal, including the sum of $150 as attorney's fees.